08-3882-ag
Lin v. Holder

BIA
Sichel, IJ
A77 281 003

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of February, two thousand ten.

PRESENT:
    JON O. NEWMAN,
    ROSEMARY S. POOLER,
    DEBRA ANN LIVINGSTON,
            *Circuit Judges.*

_____

QI LIN, ALSO KNOWN AS CHI LIN,
        *Petitioner*,

        v.                                      08-3882-ag
                                                NAC

ERIC H. HOLDER JR.,* UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        G. Victoria Calle, New York, New York.

FOR RESPONDENT:        Gregory G. Katsas, Assistant Attorney General, Luis E. Perez, Senior Litigation Counsel, Elizabeth D. Kurlan, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

---

*Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Qi Lin, a native and citizen of China, seeks review of a July 11, 2008 order of the BIA affirming the August 25, 2006 decision of Immigration Judge ("IJ") Helen Sichel denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qi Lin*, No. A 77 281 003 (B.I.A. July 11, 2008), *aff'g* No. A 77 281 003 (Immig. Ct. N.Y. City Aug. 25, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions -- or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).

As an initial matter, Lin does not address the IJ's finding that his airport interview "significantly undercut his asylum claim." Indeed, while Lin stated in his airport interview that he came to the U.S. for democracy and because China's economy is poor, he later claimed that he came to the U.S. because he had suffered and continued to fear persecution under China's coercive family planning policy, admitting that he lied during the airport interview. Lin also failed to address additional findings, including the IJ's observation that he testified inconsistently as to whether he "escaped" or was "thrown out" of the family planning office. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005). Accordingly, these findings stand as valid bases for the IJ's adverse credibility determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146-47 (2d Cir. 2008);

2

*Yun-Zui Guan,* 432 F.3d at 396, 397 n. 6, 399 n. 8 ("[W]here ... a petitioner has provided two distinct, non-overlapping accounts of persecution, ... an IJ must ... rely on the commonsense observation that it is inconsistent for a petitioner to respond to the same question about the nature of his asylum claim with two entirely different responses.").

Moreover, substantial evidence supports the credibility findings Lin does challenge. In concluding that Lin was not credible, the IJ reasonably found implausible Lin's testimony that although family planning officials sent his sister-in-law a notice requiring her to report for an abortion on January 31, 1999, officials went to his home and forced her to have an abortion on January 25, 1999 because they feared that she would escape. Even if plausible, Lin's explanation was not so compelling as to suggest error in the IJ's finding. *See Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007) ("[R]ecord support for a contrary inference-even one more plausible or more natural-does not suggest error."); *Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005).

The agency also reasonably found that Lin's credibility was undercut by the implausibility of his testimony that in order to avoid being arrested by family planning officials, he fled twice to his uncle's house, even though officials knew that he resided there. Despite Lin's arguments, we find no basis to disturb the agency's finding in this respect. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.16 (2d Cir. 2006).

Ultimately, substantial evidence supported the agency's adverse credibility determination and, thus, its denial of Lin's application for asylum, withholding of removal, and CAT relief where the only evidence that he would be persecuted or tortured depended on his credibility. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk